# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TIMOTHY CHAMBERS, )
)
            Plaintiff, )
)
v. )    No. CIV 15-031-JHP-SPS
)
ANITA TRAMMELL, et al., )
)
           Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Anita Trammell and Robert Patton's motion to dismiss (Dkt. 34). Plaintiff, a former inmate at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Anita Trammell, Former Warden of OSP; Robert Patton, Former Director of the Oklahoma Department of Corrections; Unknown Correctional Officers 1-4; and Chief of Security Peterson.[1]

Plaintiff alleges that on November 17, 2014, he and his cellmate covered the window of their cell. A correctional officer called for backup when he saw the covering. The officer opened the food port and told Plaintiff and his cellmate to uncover the window and to cuff up. Plaintiff and his cellmate followed the instructions, and at least four unknown correctional officers came through the cell door.

Plaintiff was taken to the shower, where he was stripped and only allowed to wear his boxers, shackles, and cuffs. He then was taken from his pod to a breezeway area and told

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, Plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

to face the wall, next to his cellmate. An unknown correctional officer on Plaintiff's left side then punched him in his ribs, and the unknown officer on Plaintiff's right side slammed his head into a window. The cellmate was screaming. "Ouch, ouch," but Plaintiff could not see him.

Plaintiff then was taken down a hallway with his wrists being twisted until he thought they would break. He next was taken outside in the cold weather and up some stairs. He was screaming in pain as he was taken to an exam room in the medical area, where his vital signs were taken. He was having a panic attack, and the nurse told him to take deep breaths. After the exam, an officer Plaintiff described as the "big" officer allegedly sexually assaulted him by raising Plaintiff's cuffed hands and dropping them on Plaintiff's penis and testicles, causing excruciating pain. The officer also stood behind Plaintiff and put his hand over Plaintiff's mouth and nose, making it impossible for him to breathe. A young correctional officer hit Plainitff's ribs with his fist, and the big officer shoved a crutch into Plaintiff's genitals.

Knowing Plaintiff is openly gay, the big correctional officer began playing with Plaintiff's hair and talking as though he also was gay. The officer said, "I always wanted to be a hair dresser," as he tied Plaintiff's hair in knots. Plaintiff and his cellmate then were "pranced" through the yard in their boxers in the cold. They went down a staircase, and at the bottom, the big officer said to Plaintiff, "I'm going to take each of your fingers, one by one, and break them." The big officer showed another officer how to do it by bending and smashing Plaintiff's fingers. His fingers were not broken, but he experienced severe pain.

Plaintiff's cellmate went into the unit manger's office, and Plaintiff stood outside the office with two correctional officers. The big officer pinched pressure points on Plaintiff's right arm, and the other officer then did the same thing to Plaintiff's left side.

The big officer told Plaintiff not to go to Medical again and not to ask for anything again. Plaintiff agreed not to report the officer. When Plaintiff's cellmate came out of the office, Plaintiff entered it. Plaintiff was asked about what had happened, but he said

2

"Nothing." Plaintiff claims he was scared for his life. After this incident, he was separated from his cellmate and allegedly was been denied grievances and Requests to Staff to exhaust his administrative remedies.

**Defendants Unknown Correctional Officers 1-4 and Chief of Security Peterson**

On July 24, 2015, the court directed Plaintiff to show cause why Defendants Unknown Correctional Officers 1-4 and Chief of Security Peterson should not be dismissed for Plaintiff's failure to serve them within 120 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) (Dkt. 39). Because Plaintiff has failed to respond to the court's order, Defendants Unknown Correctional Officers 1-4 and Chief of Security Peterson are dismissed without prejudice from this action.

**Defendants Anita Trammell and Robert Patton**

Defendants Anita Trammell and Robert Patton have filed a motion to dismiss (Dkt. 34). They assert, among other things, that Plaintiff has failed to allege their personal participation in a constitutional violation. Plaintiff has not responded to the motion.

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id.* *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Here, the court finds the complaint only states that Defendant Trammell is a prison official (Dkt. 1 at 2), and Defendant Patton is the "DOC Director-CEO" (Dkt. 1 at 1). Plaintiff has not alleged how these defendants personally participated in the alleged constitutional violations. Therefore, Defendants Trammell and Patton must be dismissed from this action.

**ACCORDINGLY,** Defendants Unknown Correctional Officers 1-4 and Chief of Security Peterson are dismissed without prejudice from this action for Plaintiff's failure to serve them within 120 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m). Defendants Anita Trammell and Robert Patton's motion to dismiss (Dkt. 34) is granted for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and this action is dismissed in its entirety.

IT IS SO ORDERED this 7th day of March 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma